*Englehart, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

33957. COLE et al. v. GEORGIA CENTRAL CREDIT UNION.

JORDAN, Justice.

Interlocutory appeal was granted in this case to review the denial of partial summary judgment for plaintiffs-appellants.

Appellants, Franklin Pierce Cole and Billie Jean Cole, executed a note in December, 1974, to the appellee, Georgia Central Credit Union, for $20,000 with interest on the unpaid balances of principal and interest at the rate of 1% per month. As security for this indebtedness, appellants executed deeds to secure debt conveying title to property in Kentucky and in Cobb County, Georgia. The security deed given to the land in Cobb County was a secondary security deed on residential property.

In February, 1975, Franklin Cole borrowed $28,800 from the Georgia Central Credit Union for which he executed a second note to be paid with interest at the rate of 1% per month or 12% per annum. This second loan was secured by a deed to secure debt on additional land in Kentucky and Cobb County.

On February 3, 1976, the credit union declared the entire indebtedness due and payable by virtue of appellants' alleged default on both notes. The credit union foreclosed on the land in Kentucky and exercised its power of sale against the land in Georgia. Appellants brought suit to set aside the foreclosure in Kentucky and the sale under power in Georgia. Appellants filed a motion for partial summary judgment on the ground that the loans in question were usurious. The trial court's denial of this motion is the subject of this appeal.

Appellants argue that the loans are usurious because the credit union has charged a higher rate of interest than is allowed by either Code § 57-101.1 (Ga. L. 1970, p. 1974) which establishes the maximum interest on real estate

loans or Code Ch. 57-2 governing charges and interest on secondary security deeds and that the credit union was not authorized to take deeds to secure debt prior to April 1, 1975, the effective date of Code § 41A-3101 (h)) Ga. L. 1974, pp. 705, 894). The credit union contends that it is not governed by these statutes, but rather by Code § 25-116 (Ga. L. 1968, pp. 465, 469) which allows credit unions to lend money to its members at "reasonable rates of interest which shall not exceed one (1%) per cent per month."

Appellant's initial argument is that the interest charged by the credit union on real estate loans is limited by Code § 57-101.1, which, at the time of these loans, established the legal maximum rate of interest at nine (9%) per cent per annum. This argument is without merit. Subsection (d) of Code § 57-101.1 clearly provides: "(n)othing contained in this section shall be construed to amend, modify, supersede or repeal any Act, Code Section, or any other law which presently allows any person, company or corporation to reserve, charge, or take for any loan . . . any rate of interest greater than eight per cent per annum. . ." Code § 25-116 preceded the adoption of Code § 57-101.1 and is not superseded by its interest limitations.

Nor are the loans usurious under Chapter 57-2 which regulates the charges and interest on secondary security deeds. Appellant's loans from the credit union do not contain a "rate of charge" as authorized for the application of Code § 57-201 nor is the interest on these loans calculated under the provisions of Code § 57-202.

With the enactment of the Financial Institutions Code of Georgia on April 1, 1975, it is clear that a credit union has authority to accept title to real estate in the form of a security deed as collateral for loans which they make. Code § 41A-3101 (h). Appellees argue that prior to this time when the two subject loans were made credit unions were not authorized to accept security deeds as collateral under former Code § 25-105 (8) (Ga. L. 1968, pp. 467, 468). This strict limitation of a credit union's powers is inconsistent with the broad scope of Code § 22-202 (Ga. L. 1968, pp. 565, 573) which recites the powers common to all corporations in Georgia. This Code section was in effect prior to the execution of appellant's notes and contains

particular language authorizing a corporation to hold real property as security for the payment of loans. Code § 22-202 (b) (12). A credit union, like any other corporation organized under the laws of this state, is authorized to receive a security deed from its debtors.

The credit union was authorized by Code § 25-116 to charge one (1%) per cent per month on the unpaid balance of each of appellant's loans and, under the general corporate powers statute, could accept a security deed as collateral for these loans. The trial court did not err in denying appellant's motion for partial summary judgment.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., who concurs in the judgment only, and Hall and Hill, JJ., who dissent.*

ARGUED SEPTEMBER 18, 1978 — DECIDED FEBRUARY 6, 1979.

*Orr & Coley, Robert L. Coley, Anne H. Orr, E. Graydon Shuford,* for appellants.

*Lucian Lamar Sneed, E. Dale Dewberry,* for appellee.

HILL, Justice, dissenting.

The Charges and Interest on Secondary Security Deeds Act (Ga. L. 1966, p. 574, as amended in 1967 and 1968; Code Ann. Ch. 57-2), provides that "No person, copartnership, association, trust, corporation or other legal entity" shall charge an individual more than a 10% service charge and interest greater than 6% per annum on a loan secured by a secondary security deed on a residential lot.

Credit unions chartered by the state are not exempt from that Act. I therefore dissent from so much of the majority opinion as appears to find that credit unions making loans to individuals secured by secondary security deeds on residential lots may avoid the Secondary Security Deed Act.